UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN KAPLAN, P.C., | Case No. 2:15-CV-1395 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CAMERON L. MILLER, | |
| Defendant(s). | |

Presently before the court is plaintiff Stephen Kaplan, P.C.'s ("Kaplan") motion for charging order. (Doc. # 6). Defendant Cameron L. Miller, who has not made an appearance in this matter, has not responded. The time for doing so has passed.

On March 6, 2015, plaintiff recovered a judgment against defendant in the U.S. District Court for the Northern District of Texas. (Doc. # 6-1). Plaintiff initiated the present matter by domesticating that judgment in this district. It filed a motion for a writ of execution with this court (doc. # 4), which the court granted. (Doc. # 5).

Plaintiff, as a judgment creditor, now moves the court for an order charging defendant's ownership interests in two Nevada limited liability companies ("LLCs") with the domesticated judgment. (Doc. # 6). Plaintiff represents that after conducting discovery of various public records, it has determined that Mr. Miller, as judgment debtor, has ownership interests in RW AND ASSOCIATES, LLC and CLM DEVELOPMENT SERVICES, LLC. Plaintiff attached search results from the Nevada Secretary of State's website that indicate defendant holds one or more officer positions in each entity. (Doc. ## 6-2, 6-3).

Under Nevada Revised Statute ("NRS") 86.401, a judgment creditor of a member of an LLC formed under Nevada law may apply to a court of competent jurisdiction for an order charging "the member's interest [in the LLC] with payment of the unsatisfied amount of the

**James C. Mahan**
**U.S. District Judge**

judgment with interest. To the extent so charged, the judgment creditor has only the rights *of an assignee* of the member's interest. *See* NRS 86.401(1) (emphasis added).

The statute provides the exclusive remedy by which a judgment creditor of a member of such an LLC may satisfy a judgment out of the debtor's interest in the LLC. *See* NRS 86.401(2)(a). A charging order issued under NRS 86.401 does not give the judgment creditor any rights in the assets, management, or control of the LLC. *See Weddell v. H20, Inc.*, 271 P.3d 743, 750 (Nev. 2012).

The judgment creditor-defendant in this matter appears to possess ownership interests in both of the above-referenced LLCs. He has not appeared in the case, despite apparently being properly served, and has therefore not presented any evidence to the contrary. Accordingly, the court will charge any ownership interests the judgment debtor-defendant owns in either LLC with satisfaction of the March 6, 2015, Texas judgment under NRS 86.401. *See Weddell*, 271 P.3d at 750.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Stephen Kaplan, P.C.'s motion for charging order (doc. # 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Cameron L. Miller's ownership interests in RW AND ASSOCIATES, LLC be, and the same hereby are, CHARGED with satisfaction of the March 6, 2015, judgment (doc. # 6-1) against him pursuant to NRS § 86.401(1).

IT IS FURTHER ORDERED that defendant Cameron L. Miller's ownership interest, if any, in CLM DEVELOPMENT SERVICES, LLC be, and the same hereby are, CHARGED with satisfaction of the March 6, 2015, judgment (doc. # 6-1) against him pursuant to NRS § 86.401(1).

DATED March 24, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -