UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN KAPLAN, P.C., | Case No. 2:15-CV-1395 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CAMERON L. MILLER, | |
| Defendant(s). | |

Presently before the court is plaintiff Stephen Kaplan, P.C.'s motion for a default judgment. (ECF No. 8). Defendant Cameron Miller filed a response (ECF No. 9), and plaintiff filed a reply (ECF No. 10).

**I.      Introduction**

On July 7, 2015, plaintiff filed in this court for the registration of a judgment rendered in the United States District Court for the Northern District of Texas. (ECF No. 1). On July 14, 2015, the clerk issued a writ of execution on plaintiff's behalf for a sum of $89,527.95.[1] (ECF No. 5). On July 21, 2015, plaintiff filed a motion for a charging order, which requested this court to charge defendant's interests in two Nevada limited liability companies: RW and Associates, LLC ("RW") and CLM Development Services, LLC ("CLM"). (ECF No. 6). On March 24, 2016, the court granted that motion. (ECF No. 7).

On July 21, 2015, defendant initiated bankruptcy proceedings, which plaintiff asserts stayed collection pursuant to 11 U.S.C. § 362. (ECF No. 8). Defendant voluntarily dismissed that bankruptcy action on June 30, 2016. (ECF No. 8-6).

---

[1] Plaintiff's motion notes that, with costs and partial payment, the present amount owed by defendant is $86,425.36. (ECF No. 8).

**James C. Mahan**
**U.S. District Judge**

On August 15, 2016, plaintiff filed the present motion. (ECF No. 8). Plaintiff argues that Nevada Revised Statute ("NRS") 31.320 entitles plaintiff to relief because the two companies charged with the domesticated judgment have failed to respond to a properly served writ of garnishment within the time required by the writ. (*Id.*). Therefore, plaintiff asserts, this court should "enter judgment in favor of Cameron and against RW and CLM, in the amount of $86,425.36." (*Id.* at 4).

Defendant opposes plaintiff's motion, arguing first that Federal Rule of Civil Procedure 19 requires plaintiff to join RW and CLM in the present action. (ECF No. 9). Next, defendant states that the writ of garnishment is no longer valid under NRS 31.296 because 120 days have elapsed since its issuance. (*Id.*). Finally, defendant specifies that the Las Vegas constable's office never received a request to extend the writ and that the "office closed the matter in its system on or about November 11, 2015." (ECF No. 9-1 at 2).

Plaintiff replies that defendant does not have standing to object on behalf of those companies, a charging order remains outstanding, defendant's assertion of rule 19 is meritless, and the companies must respond regardless of the status of the writ. (ECF No. 10).

**II.    Legal Standard**

NRS 31.280 grants jurisdiction over garnishee defendants upon "[t]he sheriff's return of the writ of garnishment showing due service of the writ of garnishment upon one or more garnishee defendants with the payment or tender of the garnishee's fees." NRS 31.280.

Next, NRS 31.320 governs a garnishee's responsibility to respond to interrogatories. (ECF No. 10). Specifically, that statute provides as follows:

> If the garnishee has been duly served with the writ of garnishment and interrogatories, and been paid or tendered the fee of $5, and the fact of the payment or tender is duly certified by the officer who served the writ over the officer's official signature, or that fact is made to appear by the person serving the writ under oath, but the garnishee fails, neglects or refuses to answer the interrogatories within the time required, *the court shall* . . . enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for . . . [t]he value of the property or amount of money specified in the writ of garnishment.

NRS 31.320 (emphasis added).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

As an initial matter, plaintiff is correct that NRS 31.296 requires the garnishee to have responded before a 120-day cap will be imposed on the writ of garnishment. *See* (ECF No. 10). NRS 31.296 provides as follows:

> [I]f the garnishee indicates *in the garnishee's answer* to garnishee interrogatories that the garnishee is the employer of the defendant, the writ of garnishment served on the garnishee shall be deemed to continue for 120 days or until the amount demanded in the writ is satisfied, whichever occurs earlier.

NRS 31.296(1) (emphasis added). Accordingly, defendant's argument based on this subsection is fruitless.

Defendant's assertion that the Las Vegas constable's office "closed the matter in its system on or about November 11, 2015," is similarly unpersuasive. (ECF No. 9-1 at 2). That report is not an adjudication of the legal validity of a writ of garnishment—particularly one subject to the United States bankruptcy code's automatic stay.[2] *See id.*; *see also* 11 U.S.C. § 362; (ECF No. 8-5). Defendant's exhibit also lacks any specific causal indication why the "matter" may have been closed, and his response is similarly deficient. (ECF Nos. 9, 9-1 at 2). Notably, defendant fails to address this court's charging order. (ECF Nos. 7, 9).

Additionally, defendant's argument that Federal Rule of Civil Procedure 19 requires RW and CLM's joinder is misplaced. (ECF No. 9). Defendant argues that "[p]laintiff seeks, in his [m]otion, for judgment against two parties that are unnamed and not served with this [m]otion." (*Id.* at 2). This characterization quibbles with the semantics of the instant motion's label. (ECF Nos. 8, 9).

Rather, the Nevada garnishment statute is explicit that a garnishee's failure to respond to interrogatories would produce a "judgment in favor of *the defendant for the use of the plaintiff* against the garnishee." NRS 31.320(1) (emphasis added). Therefore, this court can already "accord complete relief among existing parties"; moreover, RW and CLM have not "claim[ed] an interest relating to the subject of the action." Fed. R. Civ. P. 19. Accordingly, rule 19 does not

---

[2] For example, it is possible that NRS 31.296(4)'s requirement that an accounting and report be sent "to the judgment debtor, the sheriff and each garnishee every 120 days" could conflict with the automatic stay. *Compare* NRS 31.296(4), *with* 11 U.S.C. § 362(a)(1) (applying a stay of "the . . . continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." However, the court need not decide this issue for the present motion.

James C. Mahan
U.S. District Judge

- 3 -

bar plaintiff's motion. Having dispensed with defendant's arguments, the court now considers the affirmative merit of the instant motion.

Plaintiff requests that this court allow garnishment to proceed in light of RW and CLM's failure to respond to the interrogatories within 20 days of service. *See* (ECF Nos. 1, 8); *see also* NRS 31.260(1)(e) (establishing a 20-day deadline to respond to the writ of garnishment). The record is devoid of any indication that those entities responded to the served interrogatories within the applicable time before the inception of defendant's bankruptcy action or after its voluntary dismissal.

Next, the writ's issuance complied with the procedural and substantive requirements for the same. *See* NRS 31.260; *see also* NRS 31.290. In light of NRS 31.320's imperative construction, this court is obligated to grant the requested relief. *See* NRS 31.320(1).

**IV.    Conclusion**

In sum, defendant's procedural and statutory arguments to avoid plaintiff's pursuit of a domesticated judgment's satisfaction are unavailing. Plaintiff's instant motion is meritorious and will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment (ECF No. 8) be, and the same hereby is, GRANTED, in the amount of $86,425.36.

DATED February 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -